IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**GLYNN DILBECK and SHANE COOK**         **PLAINTIFFS**

**V.**         **CASE NO. 5:17-CV-5116**

**HAYES MINOR, in his Official Capacity as
Chief of the Rogers, Arkansas Police Department**     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

On September 24, 2018, the Court issued a Memorandum Opinion and Order on cross-motions for summary judgment. (Doc. 76). The Court ruled in Plaintiffs' favor on summary judgment, finding that the City of Rogers' Ordinance 52-139 was unconstitutional under the First and Fourteenth Amendments to the Constitution. The Court also enjoined the City of Rogers from enforcing the Ordinance. As Plaintiffs prevailed in this matter, the Court directed them to submit a brief and itemized bill in support of their request for an award of attorney's fees and costs, pursuant to 42 U.S.C. § 1988, by no later than October 9, 2018. The Court also permitted the City of Rogers to file a response, if desired, by no later than two weeks after Plaintiffs' brief was filed.

Plaintiffs filed their Motion for Attorneys' Fees and Costs (Doc. 81) and Brief in Support (Doc. 82) on October 5, 2018. On October 11, one of Plaintiffs' attorneys, Monzer Mansour, filed an amended declaration in support of his request for fees (Doc. 83). In the amended declaration, Mr. Mansour asked the Court to reduce the hourly rate he claimed in his original declaration (Doc. 81-2) and pay him less fees than he previously requested.

According to the Court's Order of September 24 (Doc. 76), the City of Rogers had fourteen days following the filing of Plaintiffs' Motion, or until October 19, 2018, to file a

1

response.[1] As of today's date, no response was filed. The Court therefore considers the Motion to be unopposed. For the reasons explained below, Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 81) is **GRANTED**.

## I. BACKGROUND

Plaintiffs Glynn Dilbeck and Shane Cook, who identify themselves as panhandlers or beggars, brought suit in this Court on June 27, 2017, arguing that an ordinance passed by the City of Rogers, Arkansas, violated their First Amendment right to engage in solicitation speech. After the lawsuit was filed, the City repealed and replaced the ordinance in question several times, each time amending the language. The most recent version of the ordinance, which was titled "Approaching an occupied vehicle—Prohibited," was challenged by Plaintiffs under the First and Fourteenth Amendments to the United States Constitution. Following an in-court hearing on the relevant law and extensive briefing by the parties on summary judgment, the Court determined that the ordinance was unconstitutional under both claimed grounds, and Plaintiffs prevailed in their lawsuit.

## II. LEGAL STANDARD

42 U.S.C. § 1988 gives the Court discretion to award "a reasonable attorney's fee as part of the costs" to the "prevailing party" in an action brought under 42 U.S.C. § 1983. "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)). "Absent special

---

[1] The fourteen-day deadline to respond began to run when the Motion was filed, on October 5, and it was not reset by virtue of Mr. Mansour's later filing of an amended version of a declaration he submitted along with the original Motion.

circumstances, a prevailing party should be awarded section 1988 fees *as a matter of course.*" *Hatfield v. Hayes*, 877 F.2d 717, 719 (8th Cir. 1989) (quoting *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983)) (emphasis in original, alteration omitted).

The first step in determining a reasonable attorney's fee is the calculation of the "lodestar," which is "the number of hours worked multiplied by the prevailing hourly rates," see *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010), "reduce[d] . . . for partial success, if necessary," *Jensen v. Clarke*, 94 F.3d 1191, 1203 (8th Cir. 1996). Then, "in extraordinary circumstances" the Court may adjust the lodestar, but "there is a strong presumption that the lodestar is sufficient." *Perdue*, 559 U.S. at 546. In determining whether such extraordinary circumstances exist, the Court "may consider other factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."[2] *Hensley*, 461 U.S. at 434 n.9. Always, though, "the most critical factor is the degree of success obtained." *Id.* at 436. "[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit,"—especially when all of the claims are based on a common core of facts or related legal theories; rather, the degree of success should be ascertained by "focus[ing] on the significance of the overall relief

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

3

obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

## III. DISCUSSION

Plaintiffs are clearly "prevailing parties" as contemplated by 42 U.S.C. § 1988. They succeeded in their constitutional challenge on both grounds asserted, and the City of Rogers was permanently enjoined from enforcing the ordinance at issue.

Plaintiffs' attorneys Bettina Brownstein, Monzer Mansour, and Holly Dickson propose hourly billing rates of $300.00, $275.00, and $300.00, respectively. Ms. Brownstein has been licensed to practice law for 36 years. She has extensive experience in the private sector litigating numerous complex cases in the areas of civil rights and government integrity. She is currently a Cooperating Attorney with the American Civil Liberties Union of Arkansas. Ms. Dickson is Legal Director for the American Civil Liberties Union of Arkansas. She has been licensed to practice law for 20 years and has extensive knowledge and experience in the area of constitutional law, with free speech challenges being her particular specialty. Mr. Mansour has been licensed to practice law for 22 years. He is experienced in handling both civil and criminal matters, and he has affiliated with the American Civil Liberties Union of Arkansas to assist in civil rights actions brought under Section 1983.

Considering the experience and expertise of these attorneys in litigating civil rights lawsuits for more than two decades, and drawing on the Court's "own experience and knowledge of prevailing market rates," *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005), these attorneys' hourly rates of $300.00, $275.00, and $300.00 are reasonable,

especially considering the complex work they performed successfully on behalf of their clients.

Ms. Brownstein, Mr. Mansour, and Ms. Dickson have submitted bills of 81.0 hours, 44.2 hours, and 3.2 hours, respectively, for their work on this case. After a careful review of the time sheets, the Court concludes that 100% of these attorneys' hours constitute original and independent work product for which they should receive full credit and compensation. Therefore, the Court will calculate the lodestar in this case as follows: 81.0 hours at a rate of $300.00 per hour for Ms. Brownstein, plus 44.2 hours at a rate of $275.00 per hour for Mr. Mansour, plus 3.2 hours at a rate of $300.00 per hour for Ms. Dickson, equaling a total $37,415.00.

Finally, the Court has examined the Bill of Costs (Doc. 81-7) and invoices (Doc. 81-8) submitted by Ms. Brownstein, and finds that all claimed costs, in the amount of $512.00, are appropriate and recoverable. Ms. Brownstein claims an additional cost in the amount of $158.00 to compensate her for mileage to Court in Fayetteville from her office in Little Rock for the hearing that took place on September 25, 2017. Although mileage is ordinarily not taxable under 28 U.S.C. § 1920, it is recoverable in full as a reasonable attorney's fee under 42 U.S.C. § 1988. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294–95 (8th Cir. 1996); *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). The Court will award Plaintiffs $670.00 in costs, which in combination with the lodestar results in a total award of $38,085.00.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 81) is **GRANTED**. Defendant is ordered to pay $38,085.00 in attorneys' fees and costs to Plaintiffs.

**IT IS SO ORDERED** on this 24th day of October, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE